UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harvey Virgil Uglem,

Plaintiff,

v.

ORDER
Civil No. 00-1875

City of Grant, et al.,

Defendants.

---

Plaintiff appeared pro se.

Susan M. Sager and Carla J. Heyl, League of Minnesota Cities for an on behalf of Defendants City of Grant and Gregory G. Galler.

Karen Finstad Hammel, Assistant Attorney General for and on behalf of Defendants State of Minnesota and Judge Susan R. Miles.

---

This matter is before the Court upon Defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6).

BACKGROUND

Plaintiff Harvey Virgil Uglem filed a Complaint in this Court, seeking an order-restraining Defendants from entering upon his land and removing any of his property. On August 4, 2000, Judge Susan Miles, Tenth Judicial District, issued an order authorizing the City of Grant to go onto Plaintiff's property to remove items which are in violation of a previous court order dated September 15, 1999.

FILED 11/6/00
FRANCIS E. DOSAL, CLERK
NOV 08 2000
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff alleges in his Complaint that he is a citizen of the "Minnesota Republic (state)" therefore the state court did not have jurisdiction to issue the September 1999 and August 2000 orders. Although it is not clear, Plaintiff appears to be alleging constitutional violations in his complaint.

1. Motion of Defendants City of Grant and Gregory Galler

Defendants City of Grant and Gregory Galler move the Court for an order dismissing Plaintiff's Complaint on the basis of failure to state a claim and lack of subject matter jurisdiction. These Defendants argue that Plaintiff has made only broad allegations without specifically identifying a violation of constitutional rights; therefore dismissal under 12(b)(6) would be appropriate. Further, these Defendants argue that this Court does not have subject matter jurisdiction as there is a lack of diversity of citizenship, and Plaintiff has failed to assert a claim under federal law.

2. Motion of Defendants State of Minnesota and Judge Susan Miles

These Defendants argue they are entitled to an order of dismissal pursuant to the Rooker-Feldman doctrine – federal district courts have no subject matter jurisdiction to review challenges to state court decisions. Furthermore, Judge Miles is entitled to absolute immunity from damages for her judicial conduct. Stump v. Sparkman, 435 U.S. 349, 355-357 (1978). Finally, Defendants argue the state of Minnesota is entitled to dismissal as the Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment.

Plaintiff has responded to the Defendants' motions by submitting a number of documents – none of which goes to the issues before the Court. He also plans on appearing for the hearing on Friday.

The Court has reviewed the submissions of the parties and finds that dismissal is appropriate, as Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff rests his Constitutional claim on the Supremacy Clause, arguing the state courts do not have jurisdiction over him because he is not a citizen of Minnesota – rather he is a citizen of the Republic of Minnesota. As this assertion is completely without merit, there is no valid claim.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss are GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

Date: 11-6-00

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd